Dear Representative Molloy:
This opinion letter is in response to your question asking whether a particular group of state merit system employees may establish a political action committee to endorse candidates and contribute to partisan political campaigns for state and federal offices.
Your opinion request states that such endorsements and contributions would be made by a "governing council" and not by individual employees in their own behalf. We infer from the context, and therefore assume, that the governing council would be composed of persons who are merit system employees.
Your question requires consideration of various provisions in Section 36.150, RSMo 1986, which is part of The State Personnel Law, Chapter 36, RSMo, and which imposes a number of restrictions upon political activity by merit system employees. Subsections 4 and 5 of Section 36.150 provide as follows:
 4. No person shall in any manner levy or solicit any financial assistance or subscription for any political party, candidate, political fund, or publication, or for any other political purpose, from any employee in a position subject to this law, and no such employee shall act as agent in receiving or accepting any such financial contribution, subscription, or assignment of pay. No person shall use, or threaten to use, coercive means to compel an employee to give such assistance, subscription, or support, nor in retaliation for his failure to do so.
 5. No employee selected under the provisions of this law shall be a member of any national, state, or local committee of a political party, or an officer of a partisan political club. He shall take no part in the management or affairs of any political party or in any partisan political campaign. No such employee shall be a candidate for nomination or election to any partisan public office or nonpartisan office in conflict with his duties except he resign, or obtain a regularly granted leave of absence, from his position.
In interpreting the statute, the fundamental rule is to ascertain the intent of the General Assembly from the language used and to give effect to that intent. Brown Group, Inc. v.Administrative Hearing Commission, 649 S.W.2d 874, 881 (Mo. banc 1983). Several of the restrictions in subsections 4 and 5 appear germane to your question. Subsection 5 provides that no merit system employee shall be an officer of a partisan political club, and that a merit system employee shall take no part in the management or affairs of any political party or in any partisan political campaign. Subsection 4 provides that no person shall in any manner levy or solicit from a merit system employee any financial assistance or subscription for any political party, candidate, political fund, or for any other political purpose. Moreover, no merit system employee shall act as agent in receiving or accepting any such financial contribution or subscription. We are unable to imagine how a political action committee composed of state merit system employees could be established, or generate funds, or otherwise function without some of those persons engaging in acts prohibited by Section 36.150, RSMo 1986.
Therefore, it is the opinion of this office that a particular group of state merit system employees may not establish a political action committee to endorse candidates and contribute to partisan political campaigns for state and federal offices.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General